IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN QUAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   7:10-cv-239 |
| vs. ) | |
| ) | |
| THE STEVENS-LLOYD GROUP, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRIAN QUAINE, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, THE STEVENS-LLOYD GROUP, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Wilmington, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Arizona, which is not licensed to do business in North Carolina and which has its principal place of business in Tucson, Arizona.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about June 13, 2010, Defendant's representatives and/or employees, including, but not limited to individuals who represented themselves as Josie Alcantar and John Clark, began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt. However, Defendant's representatives and/or employees failed to identify that the communication was from a debt collector during the course of every communication with Plaintiff.

8. During at least one of the aforementioned telephone calls, Alcantar and/or Clark threatened to file a lawsuit against Plaintiff and also to garnish his wages and place a lien on his property, despite the fact that Defendant has no standing to take such action, and further, has never initiated legal proceedings against Plaintiff.

9. Further, the above-described threats of legal action were made during Defendant's first contact with Plaintiff and therefore overshadowed and/or were inconsistent with Plaintiff's right to request validation of the alleged debt pursuant to 15 U.S.C. § 1692g.

10. Moreover, Defendant's representatives and/or employees falsely represented the amount of the alleged debt by demanding payment of a portion that Plaintiff had already paid.

11. Defendant also failed to provide the notice to Plaintiff required by 15 U.S.C. § 1692g(a).

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

    b. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    e. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

  f. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

  g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRIAN QUAINE, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

  a. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

b. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of our Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and (6);

c. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2);

d. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4); and

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRIAN QUAINE, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 fax
Lynette@LuxenburgLevin.com